MARY J. ROBINSON, PLAINTIFF IN ERROR, VS. J. HEMSTREET, DEFENDANT IN ERROR.

1. A judgment of a referee does not stand confirmed and become the judgment of the Court in which the cause was pending at the time of the reference until the lapse of ten days from the service of notice by said referee of the fact of the filing of his findings and judgment upon the respective parties to said judgment.

2. A., stockholder of an incorporated company, or joint stock association, agrees with B., an employee of said company, to allow B. for services "twelve and fifty one-hundredth dollars a week, to be drawn from the funds of the company." By such an agreement A. does not become *prima facie* liable to pay said sum to B.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*M. C. Jordan* for Plaintiff in Error.

*Randall, Walkers & Foster* for Defendant in Error.

THE CHIEF-JUSTICE delivered the opinion of the court:

Suit was commenced in the Circuit Court of Duval

county by the defendant in error against the plaintiff in error, for the recovery of money advanced to "Gould & Company," which defendant in error alleges that the plaintiff in error agreed to pay, and for one hundred and eighty-eight and fifty-nine one-hundreths dollars, claimed to be due defendant in error for wages for himself and a minor son. There were some other items in the account which it is not necessary to notice here. The case was referred to a referee who found that the defendant was indebted to the plaintiff in the sum of four hundred and seventy-four and ten one-hundredths dollars. This finding was confirmed by the Circuit Court from which finding the plaintiff in error took her writ of error to this court.

The eighth assignment of errors is that the referee erred in not giving notice to the defendant or her attorney of the filing of his finding and judgment as required by law. It is asserted by the plaintiff in error and not denied that no notice was given by the referee to the defendant, her agent or attorney, of the fact that the referee had filed his findings and judgment in the office of the Clerk of the Circuit Court of Duval county. The record does not show that such a notice was served on the defendant.

The only allusion to such notice in the record, is as follows : " The referee appointed in the above cause, to wit : D. U. Fletcher, Esq., having on the 26th day of April, A. D. 1884, filed his findings and judgment therein *and notice of the same having been duly entered.*"

The entering of a notice cannot be claimed to be equivalent to a service of it on the parties entitled to it; the requirements of the statute are plain. Upon the filing of his findings and judgment the referee must give notice to the respective parties in writing ; if there shall not be a motion for a new trial, rehearing, arrest of judgment or reformation or alteration of the judgment or decree filed in ten

days, the judgment shall stand confirmed as the judgment of the court, for execution or enforcement. The Circuit Court has no power by the statute to confirm the judgment of the referee until ten days after such notice has been served on the party against whom judgment was given. The finding and judgment remain in abeyance until the lapse of ten days from the time of serving the notice.

To confirm the findings and judgment without such notice is to deprive a party of his legal right to object to said findings in any of the ways mentioned in the statute. It is claimed by counsel for the appellant, that the only effect of not giving the notice is that plaintiff shall not have an execution on his judgment, and that it is not too late for the defendant to apply for a new trial. We do not so construe the statute.

The finding of the referee cannot stand confirmed as the judgment of the Circuit Court until ten days have elapsed after said notice is made in writing and served, and the party dissatisfied with the findings and judgment fails to make any of the motions he is entitled to make.

As the case must go back for a new trial it is not improper that we should express our views on the questions raised in the record, and the solution of which are necessary to a trial of the cause.

The defendant in the court below objected to the introduction of Exhibits " A," " B," " C," on the ground of "irrelevancy and immateriality." All these papers were executed on the same day, and are parts of one and the same transaction. They were pertinent to the issue and were properly admitted in evidence.

Exhibit A purports to be a bill of sale by James Gould, Francis J. Gould and John B. Hemstreet to Mary J. Robinson of all their interest as stockholders in a stock company in Duval county for the sum of four hundred dollars,

and to be subject to the debts and liabilities of said company.

Exhibit B is a paper wherein the said Mary J. Robinson, in consideration of the transfer to her of the property described in Exhibit A, agrees to pay certain debts and liabilities of said company to the parties to whom they were due as set forth in a schedule attached. In the schedule is found this item: "John B. Hemstreet, $207.25-100."

Exhibit C is an agreement by Mary J. Robinson that the business of the firm of Gould & Co. shall be conducted by said John B. Hemstreet and Francis J. Gould for a certain weekly stipend to be drawn from the funds of the said company. It will be seen from the tenor and purport of these papers that they lay at the very base of plaintiff's case, and all of them making but one transaction they were all properly in evidence. The first item in the plaintiff's account was $200, cash advanced the company Feb. 17th, 1880. This was prior to the sale of stock to the plaintiff in error, and if this item represents the same indebtedness mentioned in schedule " A " of $207 25-100, with a change in amount properly accounted for, then it was what the defendant agreed to become liable for and promised to pay by Exhibits A and B of 31st December, A. D. 1880, and the finding of the referee was right. With regard to the other two items for labor of defendant in error and his son we can find nothing in the record to justify the findings and judgment of the referee, as the pleadings and proof are not very distinct. What we say on this point is on the hypothesis that " Gould & Company" was a joint stock company, and it *would seem* that Hemstreet by statements in the bill of sale would be estopped from denying it. If then it is a fact that said company is a joint stock company, or if it is a fact that said Hemstreet has estopped himself from denying it, which we do not decide here, the

wages due to Hemstreet for his own work and the work of his son, was a debt due by said joint stock company to said Hemstreet, and not by Mrs. Robinson. She could only make herself liable primarily to pay such a debt by a competent legal promise. There is no evidence in the record that she ever made such a promise. The agreement is that Hemstreet was to have twelve dollars and fifty one-hundredths per week, but he was to draw it from the funds of the company. There is no evidence that she authorized the employment of the son, or ever agreed to pay him, or to allow him to draw his pay from the funds of the company.

These objections may possibly be removed on another trial of the cause. As to the letter of F. J. Gould to Hemstreet, we do not see its materiality to the issues involved.

Judgment reversed and cause remanded.