SOUTHERN BANK AND TRUST COMPANY, A CORPORATION, AS ADMINISTRATOR OF THE ESTATE OF GEORGE W. BURNS, DECEASED, AND MAXWELL MOTOR SALES COMPANY, A CORPORATION, *Appellants*, v. R. J. MATHERS, *Appellee*.

Division B.

Opinion Filed November 9, 1925.

1. Although recording statutes, such as Section 3838 of the Revised General Statutes of 1920, usually provide that an unrecorded mortgage is void as to creditors, the prevailing doctrine makes the mortgage, on personalty as well as realty, void only against those creditors who obtain a lien on the mortgaged property before the instrument is filed for record.

2. There is nothing in the statute above mentioned prescribing or limiting the time within which the record of the mortgage

must be made, and ordinarily, it may be recorded after the debt secured is due, though it would not be valid as against subsequent purchasers for value without notice or creditors who had obtained liens before recordation. There might be cases in which it would appear that there had been an unreasonable delay in having the record made, and in these cases a more rigid application of the statute might be proper.

3. Where a chattel mortgage was given to secure an endorser on a promissory note, due thirty days after date of execution, against his liability as indorser, and the mortgage having been filed within four days after the mortgagee's liability as endorser had accrued, and two days after the death of the mortgagor, but before an administrator was appointed, no unreasonable delay or laches in filing the mortgage is shown, where, as in this case, such delay is not shown to have prejudiced the rights of any of the parties.

4. Where a bill for foreclosure properly claims the allowance of a reasonable attorney's fee, and the defendants set the cause down on bill and answer, before a referee, they cannot be heard to complain that no testimony was taken by him as to the reasonableness of the fee allowed, nor will his finding be disturbed where the amount allowed does not appear to be unreasonable.

5. Where a referee makes his findings and gives notice thereof, and at the same time files and enters his final decree, the effect is to postpone the effective date of such decree for the period of ten days after receipt of notice of the findings provided by the statutes (Secs. 2865 and 2866, Rev. Gen. Stat.) within which time any party aggrieved would still have the right to make motions for new trials, rehearings, etc., though the better practice is not to enter the decree until ten days has elapsed after the service of notice of the referee's findings.

An Appeal from the Circuit Court for Dade County; W. I. Evans, Referee.

Affirmed.

*Lilburn R. Railey* and *Stapp & Vining,* for Appellants;

*Price & Price,* for Appellee.

BROWN, J.—Burns, an automobile dealer of Miami, needed $6,250 in order to pay for and obtain delivery of a car load of automobiles then in the hands of the carrier. He obtained this money from the First National Bank on two notes, aggregating that amount, dated October 28, 1922, due in 30 days, endorsed by Mathers. On the same date he made a thirty-day note to Mathers for $6,250, providing for interest and reasonable attorney fees, and executed to Mathers a mortgage on seven automobiles to secure the same. It was provided in the note that it, and the mortgage securing same, were given to secure the payment of the notes which Burns had given to the Bank and which Mathers had endorsed, and that if Burns paid his notes to the bank, the note and mortgage to Mathers should thereupon be satisfied and cancelled.

The notes fell due November 27 and were not paid by Burns. The latter died on November 29. Mathers paid Burns' notes to the bank some days later. The mortgage was filed for record on December 1. On December 2, letters of administration were issued by the County Judge's Court to the Southern Bank and Trust Company, which, on the same date, obtained an order for the sale of the assets of the deceased then in its possession, upon giving ten days' notice. It seems that three of the seven automobiles constituted substantially all of the assets. On December 20 Mathers filed a bill for the foreclosure of his mortgage on the three automobiles and for injunction of the sale which the administrator bank was preparing to make under said order, making said Southern Bank and Trust Company and the Maxwell Motor Sales Company parties defendant. It was alleged that the latter claimed some right or interest in the property. The

bill alleged that if the property was allowed to be sold, it would be scattered and depreciated in value, and complainant's security lost or impaired; also that the automobiles were not sufficient value to pay complainant's mortgage, and asked that same be sold to pay the costs, a reasonable attorney fee, the amount due complainant under the mortgage, and the balance, if any, to be paid into the custody of the court, or as might be then ordered by proper decree. A temporary injunction was granted staying the sale as prayed. The two defendants filed answers alleging that Mathers did not actually pay the two notes of Burns to the bank until December 8, and denied that the property was insufficient to pay complainant's claim, and denied that the complainant had any right or priority under said mortgage as against the defendants, the mortgage not having been recorded until after the death of Burns, and the mortgagee not having taken possession of the property. The Maxwell Motor Sales Company denied claiming any title, right or lien in the property, but claimed an indebtedness on an account against Burns for goods shipped to him on different dates from October 6 to October 27, 1922, due and payable November 15, 1922, proof of which had been filed with the administrator. These answers denied that complainant's security would be impaired by the administrator's sale, and incorporated demurrers attacking the equity of the bill on various grounds. The material questions raised are hereinafter considered.

The cause was submitted on bill and answers to W. I. Evans, Esquire, who had been agreed on and duly appointed as referee, and came on for hearing July 17, 1923. On August 3 the referee made his findings, which were mailed to all of the attorneys for all parties defendant on that date, according to certificate made thereon by the referee, and which is not denied. On the same day the referee rendered a final decree, in accordance with his findings,

18—Vol. 90.

making the temporary injunction permanent and ordering the administrator to pay the amount ascertained to be due complainant Mathers on the mortgage debt, together with interest and an attorney fee of $700 (being approximately 10 per cent of the debt), and on failure of the administrator to pay the same, a foreclosure sale of the described property was decreed as prayed in the bill. This decree was dated August 3, entered August 4, and from it both defendants appeal.

Section 3838 of the Revised General Statutes of 1920, reads:

"No chattel mortgage shall be valid or effectual against creditors or subsequent purchasers for a valuable consideration and without notice unless it be recorded, or unless the property included in it be delivered to the mortgagee and continue to remain truly and bona fide in his possession."

The provisions of this section are quite similar to those of 3822, relating to transfers and mortgages of real estate. Both use the identical language as to the classes to be protected against unrecorded transfers or mortgages, to-wit: "creditors or subsequent purchasers for a valuable consideration and without notice."

Although recording statutes usually provide that an unrecorded mortgage is void as to creditors, the prevailing doctrine makes the mortgage on personality as well as realty void only against those creditors who obtain a lien on the mortgaged property before the instrument is filed for record. Rogers v. Munnerlyn, 36 Fla. 591-600, 18 South. Rep. 699; Carolina Portland Cement Co. v. Roper, 68 Fla. 299, 67 South. Rep. 115; 11 C. J. 515.

No lien having been obtained by the only other creditors shown by the record in this case, the above doctrine disposes of the controlling question in the case. The mortgage having been filed within four days after Mathers' liability as endorser accrued, and within two days after the death of

the mortgagor, and before an administrator was appointed, no unreasonable delay or laches in filing the mortgage is shown, even if the appellant were in a position to raise that question. The delay was not prejudicial to the Maxwell company, for its credit sales to Burns had been made before the mortgage was executed, and the purpose and effect of Mathers' endorsement of Burns' notes and taking the mortgage to secure him (Mathers), was not to impair, but to increase, Burns' assets above what they were when the Maxwell Company extended credit.

There is nothing in the statute prescribing or limiting the time within which the record of the mortgage must be made, and it may be recorded after the debt secured is due, though of course it would not be valid as against subsequent purchasers for value without notice, or creditors who had obtained liens, before recordation. "There might be cases in which it would appear that there had been unreasonable delay in having the record made, or cases in which the death of the mortgagor prior to the record, and after the lapse of ample time for it during his life, would become of consequence; and in these cases, denoting laches, a more rigid application of the statute might be proper." Reese v. Taylor, 25 Fla. 283, 288, 5 South. Rep. 821. But there was no laches here of which these appellants have any right to complain—not even the failure to record until two days after the death of the mortgagor. It has been held that a mortgage, executed and delivered during the life of the mortgagor, may be recorded after his death. Jones on Mortgages, 7 ed. Sec. 509; 11 C. J. 532; Williams v. Jones, 95 N. C. 504. But a chattel mortgage, recorded ten months after the death of the mortgager and after the property had passed to the administratrix in trust for the creditors, was held void as to other creditors. Spokane Merchants Ass'n. v. Bank, 86 Wash. 367, 150 Pac. Rep. 434.

There is an assignment of error attacking the allowance

of attorney fees, on the ground that the answers deny the necessity of placing the notes in the hands of an attorney to enforce the collection thereof. On a hearing on bill and answer, the allegations of fact contained in the answer must be taken as true. Saussy v. Davidson, 75 Fla. 422, 78 South. Rep. 336; 21 C. J. 560-1. While this is true, the answers do not deny one of the grounds for the claim for attorneys fees contained in the note and alleged in the bill, viz: the bringing of suit for collection thereof, and which was sufficient to sustain the referee's finding and decree It is also contended that the allowance was erroneous because no testimony was taken as to the reasonableness of the fee. It is ordinarily true that proof of reasonableness must be made. But it is also the rule that when a cause is set down for final hearing on bill and answer, the referee should take no testimony, but decide the cause on the bill and answer. The appellants themselves set the cause for hearing on bill and answers, thus submitting this question to the referee for decision, and, therefore, they cannot be heard to complain that no testimony was taken by him on that head. Nor can it be said, nor is it seriously contended, that the referee's allowance was unreasonable; nor that his finding in this regard constitutes reversible error. In this connection, it might be stated that the decree made no provision for a deficiency judgment over against the administrator, if the amount realized at foreclosure sale should not satisfy complainant's claim.

The final contention is that the referee committed reversible error in rendering the decree on the same day that he made his findings and mailed the notices thereof to the attorneys in said cause. It is not contended that the notices of the findings were not mailed, as certified to on the record by the referee on August 3, nor is it contended that the notices were not duly received. The decree was entered on August 4, and in due course of mail the notices would have

been received by that date, all of the attorneys and the
referee being located in the same city.  But the contention
is that by entering the decree at the same time that notice
was given, appellants' counsel were deprived of the oppor-
tunity to file motions for rehearing, etc., provided by the
statutes.

Section 2865 of the Revised General Statutes of 1920, in
prescribing the powers and duties of referees, provides
among other things, that he may hear and determine mo-
tions for new trial, rehearings, arrest of judgment, or
reformations or alterations of his findings to the same
extent and with like powers as the court by which
the reference is made; that he shall have power to
enter final judgment or decree, with the effect there-
inafter prescribed, and that "he shall, upon reaching
his findings, give notice in writing of the same, and
likewise, after entering judgment, give notice thereof
to all parties or their counsel of record." Section 2866 pro-
vides that all motions for new trials, rehearings, etc., shall
be made within ten days after the receipt of the notice of
the findings of the referee as provided in the preceding
section.  Section 2867 provides that "if there shall be none
of the motions hereinabove mentioned, or if any such
motions shall have been made and denied, or otherwise dis-
posed of, or whenever the judgment or decree of the referee
shall have been finally arrived at by him, he shall there-
upon enter a final judgment or final decree in the cause,
according to his previous findings, or such modifications
thereof as may have been subsequently made," and that he
shall file his final judgment or decree in the court, and that
same shall be entered in the minutes of the court, and shall
be of like force and effect as other judgments or decrees of
such court.

It, therefore, appears that there is nothing in the statute
which would positively prevent the referee from entering

his final decree on the same day that he made and gave notice of his findings. If he should do so, any party aggrieved would still have the right to make motions for new trials, rehearings, etc., within ten days from notice of the findings, provided for in sections 2865 and 2866. The effect of entering final decree when notice of findings is made is to postpone the date when the decree becomes final to the end of the ten day period. Rebinson v. Hemstreet, 21 Fla. 342. Therefore, the better practice is to serve notice in writing of the findings ten days before entering final decree. It does not appear that any such motions were filed, or attempted to be filed, in this case by the appellants, or that they desired to file any such motions. Nor is it made to appear that the appellants had any good ground upon which to base any motion for rehearing or modification of the decree. It does not appear, therefore, that the appellants were in any way prejudiced by the filing and entering of the final decree at the time above stated, in the instant case.

Under the facts set forth in the bill and admitted in the answers it appears that appellee had the right, as against these appellants, to the foreclosure of his mortgage, and that the referee was fully warranted in granting the same.

We find no reversible error in the record, and the decree of the court below is affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur in the opinion.