COSGROVE *et al., Appellants,* v. LEONARD *et al.*

In Banc, June 2, 1896.

1. **Appellate Practice:** VERDICT: INTERFERENCE WITH ACTION OF TRIAL COURT.   The supreme court will not interfere with the action of the trial court in overruling a motion for a new trial asked upon the ground that the verdict is against the weight of the evidence where the verdict is supported by substantial evidence, nor will it do so where the evidence is conflicting.

2. ———: ———: ———. It is only where there is no substantial evidence to support a verdict that the supreme court will reverse the action of the trial court in overruling a motion to set aside a verdict and grant a new trial on that ground.

3. **Practice**: ATTORNEY'S FEES, VALUE OF QUESTION OF FACT: EXPERT EVIDENCE. The jury are the proper judges of the value of professional services rendered by an attorney at law, and expert testimony as to their value is merely advisory and not different in principle from such evidence as to the value of labor in other departments of business or as to the value of property.

*Appeal from Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellants.

(1)   The evidence of the value of the services of Cosgrove & Johnston was all one way; there was no conflict whatever as to their value.   The only question in issue before the jury was whether they had been employed.   The jury found that there was an employment, and there being no conflict of testimony about the value of the services, the jury should have found that plaintiffs were entitled to the full amount sued for. The conclusion must in the very nature of things depend on the testimony of experts and the jury should have accepted and acted upon their testimony.   Rogers on Expert Testimony [2 Ed.], 490; *Getchell v. Hill*, 21 Minn. 464; *Wood v. Barker*, 49 Mich. 295.   (2)   The verdict was a compromise.   The evidence showed that plaintiffs were entitled to their entire claim or nothing and the jury had no right to disregard the evidence and bring in a verdict for about one half of the amount. The damages were, under the issues in this case, liquidated. 2 Thompson on Trials, sec. 2606; *St. Louis Brewery Co. v. Bodeman*, 12 Mo. App. 537; *Todd v. Boone County*, 8 Mo. 436.   The verdict is not supported

Cosgrove v. Leonard.

by the evidence of either the plaintiffs or the defendants. (3) When there is conflict of testimony, it is without doubt the province of the jury to decide between the conflicting statements of the witnesses, and determine which, if either, they will believe, as was held in *Head v. Hargrave*, 105 U. S. 45; *Gibsons v. Railroad*, 40 Mo. App. 146; *Ross v. Spies*, 44 Mo. 20; *City of Kansas v. Street*, 36 Mo. App. 666. (4) The St. Louis court of appeals in *Fry v. Estes*, 52 Mo. App. 1, held that the value of legal services could not be established by the opinions of witnesses who were not shown to be attorneys at law, or in any way qualified to speak on the subject, and reversed the judgment of the lower court because it was not shown that the witnesses were attorneys. If witnesses, who are not shown to be qualified to judge of the value of professional services, can not testify, by what rule of logic can jurors equally disqualified and who are sworn to try the case according to the law and the evidence and a true deliverance make, substitute their own judgments for that of the witnesses? These jurors would not have been competent witnesses to prove or disprove the value of the services sued for. Yet they did set up their individual judgments against all of the evidence and the admissions of the defendants in defiance of the evidence, to the effect that they knew more about the value of the professional services sued for than all the attorneys who were sworn in the case.

*Wm. S. Shirk* for respondents.

The evidence of the attorneys, as to the value of the appellants' services, was not the only evidence which the jury had the right to consider, in arriving at a verdict. But if it had been, the jury were not bound by such evidence, but had the right to exercise their

own judgment, knowledge, and experience as to the value of such services, and had the right also to give to such expert evidence such weight, force, and credibility as they saw fit to do. *City of Kansas v. Butterfield*, 89 Mo. 646; *Rose v. Spies*, 44 Mo. 20; *City of Kansas v. Street*, 36 Mo. App. 666; *St. Louis v. Ranken*, 95 Mo. 189; *Tel. Co. v. Light Co.*, 46 Mo. App. 120; *Congress, etc., Co. v. Edgar*, 99 U. S. 645; *Schwinger v. Raymond*, 105 N. Y. 648; *Head v. Hargrave*, 105 U. S. 45; *Saunders v. State*, 94 Ind. 147; *Anthony v. Stinson*, 4 Kan. 212; *Patterson v. Boston*, 20 Pick. 166; *Murdock v. Sumner*, 22 Pick. 158. "Expert testimony is at most advisory, and its weight is determined by the experience and knowledge, however acquired, which the triers of the fact have, of the subject-matter under consideration." ROMBAUER, Judge, in *Tel. Co. v. Light Co.*, 46 Mo. App. 142. "Testimony of experts as to value of professional services, need not control a jury in determining the amount of their verdict (*Head v. Hargrave*, 105 U. S. 45), such testimony must be considered and weighed by the jury and in the light of such testimony they come to a conclusion by an exercise of their own judgment, experience, and knowledge." *City of Kansas v. Street*, 36 Mo. App. 668. "Several members of the bar were sworn as to what would be a reasonable compensation, and they differed as to amounts, but all placed it above the verdict of the jury. * * * The jury are told that the opinions of witnesses examined as experts are not conclusive but that they are to be considered in connection with the other evidence. This placed the whole testimony, and the weight of testimony before them in an unexceptionable form." *Rose v. Spies*, 44 Mo. 22, 23. "In like manner in this case, the jurors might have taken the facts testified to by the attorneys, as to the character, extent, and value of the professional services ren-

dered and then come to a different conclusion."
Justice FIELD, *Head v. Hargrave, supra.*

### DIVISION TWO.

BURGESS, J.—This is an action for services ren-
dered defendants by Cosgrove & Johnston, a law firm
composed of John Cosgrove and James H. Johnston.
Plaintiffs sue for the sum of $4,400 for legal services
rendered defendants at their request, the sum of $340.15
for moneys, paid out and expended in defraying trav-
eling and other necessary expenses, in and about de-
fendants' business, less $142.03 with which they credit
defendants.   The answer is a general denial.

The case was tried to a jury who rendered a verdict
in favor of plaintiffs for the sum of $2,368.03.

In due time plaintiffs filed their motion to set aside
the verdict and for a new trial, assigning, among oth-
ers, the following grounds therefor:

"1.   For the reason that the verdict is against the
evidence, against the weight of the evidence, and against
the law under the evidence.

"2.   The verdict is for the wrong amount."

"9.   The verdict of the jury was not supported by
any evidence in the case."

The motion was overruled and plaintiffs appealed.

The services sued for were rendered in a suit
brought by the firm of Cosgrove & Johnston, attor-
neys at law, in connection with Messrs. Draffen and
Williams, also lawyers, for defendants against the New
York, Lake Erie & Western Railway Company for
$50,000 damages, sustained by defendants in this suit,
for injuries to a herd of cattle while in transit over said
railroad in consequence of its negligence as common
carrier.

The suit was brought in the circuit court of Saline
county.   A change of forum was subsequently granted

to the United States circuit court for the western district of Missouri, at Kansas City. There a trial was had which resulted in a verdict in favor of defendants herein against the company for $26,983.60.

The verdict was thereafter set aside on motion of said company, and by agreement of parties the venue was changed to the central division of the western district of Missouri of said United States court, where another trial was had resulting in a verdict for defendants herein in the sum of $55,880. The case was then appealed to the supreme court of the United States where the judgment was affirmed for the sum of $44,000, which was thereafter collected by defendants in this suit.

Several lawyers testified as witnesses in the case as to the value of the services rendered by Messrs. Cosgrove and Johnston, some of whom had personal knowledge of the services rendered, and no witness placed the value of the services at less than $4,400.

The only question that we have to deal with here, is with respect of the action of the court in overruling plaintiff's motion for a new trial on the grounds stated.

It has been uniformly held by this court that where a verdict is supported by substantial evidence it will not interfere with the action of the trial court in overruling a motion for a new trial on the ground that the verdict is against the weight of the evidence. Nor will it interfere where the evidence is conflicting. It is only in case there is no substantial evidence to support the verdict that it will reverse the action of the trial court in overruling a motion to set aside a verdict and to grant a new trial on that ground.

The question, then, with which we are confronted, is as to whether or not there was any substantial evidence to support the verdict in this case. With respect to the value of the services rendered, the evidence was

all one way, but the question is how such evidence, being what is known as expert evidence, was to be considered by the jury. If as evidence to facts, the verdict was clearly and manifestly wrong and should be set aside, but, on the contrary, if the jury had the right to consider the evidence as merely advisory, and were themselves the judges of the value of the services, a different question is presented.

*Rose v. Spies*, 44 Mo. 20, was an action against Spies, an attorney, for money collected by him for his client, in which he claimed the right to retain of the amount collected $3,005, as compensation for services rendered by him in the case. Upon a trial in the circuit court the jury awarded him $1,250, for his services, and from the judgment rendered on the verdict he appealed. Several members of the bar were sworn as to what would be a reasonable compensation, all of whom placed it above the amount awarded by the verdict of the jury. The court held that the jury were the proper judges of the value of the services rendered, "and that, in considering the reasonableness of such compensation, the jury might take into consideration all the circumstances of the case, and were not bound by the opinions of witnesses experienced as experts but that those opinions should be considered in connection with the other evidence in the case." A similar rule is announced in *State v. Witten*, 100 Mo. 525; *City of Kansas v. Street*, 36 Mo. App. 666; *W. U. Tel. Co. v. Guernsey, etc., Co.*, 46 Mo. App. 120, and in *Head v. Hargrave*, 105 U. S. 45.

The case last cited was an action brought by the plaintiff to recover the sum of $2,000 alleged to be owing by the defendant for professional services as an attorney. The answer like the case at bar was a general denial. On the trial the plaintiff testified to the rendition of the services. Five attorneys at law also testified

to the value of the services, three in behalf of plaintiff, and two on the part of the defendant. They differed as to their value, some of them placing the value at $5,440, the lowest at $1,000. The jury gave a verdict in favor of plaintiff for $1,800, upon which judgment was rendered. Plaintiff, being dissatisfied with the verdict and judgment, took the case to the United States supreme court.

The court said: "The only question presented for our consideration is whether the opinions of the attorneys, as to the value of the professional services rendered, were to control the judgment of the jury so as to preclude them from exercising their 'own knowledge or ideas' upon the value of such services. That the court intended to instruct the jury to that effect is, we think, clear. * * * It was the province of the jury to weigh the testimony of the attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying to it their own experience and knowledge of the character of such services. To direct them to find the value of the services from the testimony of the experts alone, was to say to them that the issue should be determined by the opinions of the attorneys, and not by the exercise of their own judgment of the facts on which those opinions were given. The evidence of experts as to the value of professional services does not differ, in principle, from such evidence as to the value of labor in other departments of business, or as to the value of property." That case was followed by the supreme court of South Carolina in the recent case of *Jones v. Fitzpatrick*, 24 S. E. Rep. 1030.

It thus seems that the expert evidence as to the value of the services sued for was merely advisory, and that notwithstanding such evidence the jury were the

proper judges of the value of such services.   It can not under such circumstances be held that there was no substantial evidence to support the verdict.   The judgment is affirmed.   GANTT, P. J., concurs.   SHERWOOD, J., dissents.

### IN BANC.

PER CURIAM.—The foregoing opinion of BURGESS, J., handed down in division number two, is adopted as the opinion of the court *in banc*, BARCLAY (in the result), MACFARLANE, and ROBINSON, JJ., concurring with BURGESS, J., therein.   BRACE, C. J., and GANTT and SHERWOOD, JJ., dissenting.   The judgment of the circuit court is therefore affirmed.