ELLA MANNY, Admx. of BEN MANNY, Deceased, Respondent, v. LOGEMAN, Appellant.

St. Louis Court of Appeals, March 29, 1904.

**APPELLATE PRACTICE: Verdict.** Where there was substantial evidence to support the verdict of a jury, it will not be disturbed on appeal.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood,* Judge.

AFFIRMED.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.,* for appellant.

(1) The verdict is not supported by the evidence, there being no exact or precise evidence as to the time consumed by plaintiff in the employment in question from which the jury might arrive at a proper verdict, and it should, therefore, have been set aside by the trial court. Moore v. Hutchinson, 69 Mo. 429; Baum v. Fryrear, 85 Mo. 151; Flanders v. Green, 50 Mo. App. 371; Meier v. Proctor, 81 Mo. App. 410. (2) Giving to plaintiff's evidence on the question of time consumed in the work in question its fullest effect, the verdict is manifestly excessive and should have been set aside by the trial court. Benson v. Railroad, 78 Mo. 504; Marshall v. Railroad, 78 Mo. 610; Nicholson v. Couch, 72 Mo. 209; Cameron Sun v. McAnaw, 72 Mo. App. 196. (3) The verdict indicates prejudice on the part of the jury against defendant, and should, therefore, have been set aside by the trial court. Gage v. Trawick, 94 Mo. App. 307; Cook v. Railroad, 94 Mo. App. 417.

*Xenophon P. Wilfley* for respondent.

The jury were the proper judges of the value of plaintiff's services. Their verdict in this case is supported by substantial evidence. The motion for a new trial on the alleged ground that the verdict is not supported by the evidence was properly overruled. Cosgrove v. Leonard, 134 Mo. 419; Rose v. Spies, 44 Mo. 20; Baum v. Fryrear, 85 Mo. 151; Tower v. Pauly, 76 Mo. 287; Pike v. Martindale, 91 Mo. 284.

REYBURN, J.—This is an action brought by the intestate of respondent for recovery of a balance, claimed for the reasonable value of his services as an expert bookkeeper, rendered by him with aid of three assistants, one of whom was an expert accountant, and one a stenographer. Their work, compensation for which was sought herein, consisted in the examination of the books of account of a business corporation trans-

acting a business averaging $350,000.00 per year, and constituting the record of its affairs during a period of ten years and four months, and involving scrutiny of the corporate cash books, ledgers, journals, vouchers, etc. The defendant required the work to be done with the utmost celerity and dispatch, and as the books, the subject of investigation, were in use during business hours, part of the work was done by plaintiff and his three associates at the office of the corporation, during non-business hours at night and on holidays, from November 22, 1902, to February 21st, next ensuing, the memoranda and information being drawn off from the books in the evenings, and reduced to the form of a report during the daytime and when not working at the office of the company.

The answer admitted the employment and payments credited, and traversed the other allegations of the petition; proceeding, the answer further contained averments of a special contract for the employment of plaintiff, at a stipulated price named, and demanded a further small amount as a credit, to which the defendant was entitled on the account; the reply was a general denial.

The opposing parties introduced conflicting evidence upon the issues of the existence of an express contract for a sum fixed and agreed upon, and by necessary implication the jury found for the plaintiff upon this branch of the case. No evidence was tendered by defendant relative to the reasonable value of the services of plaintiff; but the testimony introduced on behalf of plaintiff, and given by himself, his associates and numerous experts, tended to establish, that plaintiff's bill was quite reasonable and the charges made by him were fully justified by the extent and value of the services, a view adopted by the jury in the rendition of a verdict for the full sum claimed, from judgment upon which, defendant has appealed.

The errors assigned by appellant are based upon those grounds of the motion for new trial to the effect that the verdict is excessive, not supported by the evidence and must have resulted from passion and prejudice on the part of the jury against defendant. Under the rule clearly enunciated in the leading case in this State of Cosgrove v. Leonard, 134 Mo. 419, this court is required here merely to determine whether or not there was any substantial evidence to support the verdict, and if the verdict be upheld by sufficient evidence, this court is not authorized to interfere with the action of the trial court in overruling the motion for new trial. The answer to this inquiry is plain and obvious in this case, as not only was there abundant proof on behalf of plaintiff to justify the jury in the verdict rendered, but defendant made no effort to impair the weight and probative force of such affirmative testimony by any contradictory proof. The rule is firmly established both in the Supreme Court and in this court, that the appellate court will not trespass upon the province of the jury by weighing evidence, even where it is conflicting upon any specific issue, and this principle must apply with convincing effect, where there is an entire absence of conflict in the testimony or of opposing evidence. The conclusion and finding, whether of a jury or of a trial court sitting as a trier of the facts, if supported by substantial evidence, is binding and conclusive upon an appellate court. The record presented is barren of any circumstance, from which any suspicion of bias or prejudice on part of the jury toward defendant could be suspected or inferred. The only question, so far as disclosed in this appeal, is the value of the services of the deceased as an expert accountant and his trio of assistants in the work performed and under the extraordinary conditions under which it was prosecuted; no error is designated in the rulings of the court at the trial in the admission or exclusion of evidence or in the

instructions, under which the case was presented to the jury, and there is no reasonable or tenable ground now exhibited for disturbing the verdict of the jury and the judgment is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.