D. B. MORRIS, *et al., Appellants,* v. CITY OF GAINESVILLE, *Appellee.*

1. Where a statute authorizes a lien for sidewalk improvements "per front foot," and the bill of complaint to enforce the bill alleges an indebtedness "per front foot," and the attached statement of the indebtedness is for a stated number of "square feet of sidewalk" and shows "179 feet frontage," there is in this no variance or want of equity.

2. The number of a bill pending in the legislature is no part of the act, but it is a method of convenient handling of bills in legislative procedure.

3. Where it clearly appears from consecutive entries in a legislative journal that the number of a bill put upon its passage is mistakenly given and the identity of the bill passed is made certain, the error in the number is not fatal to the act.

Morris *et al.* v. City of Gainesville—Opinion of Court.

4. Where there is a substantial compliance with lawful require-
ments in the construction of sidewalks and street improve-
ments by a municipality and it is not made to appear that the
improvements as made are unsuited to the purposes designed,
or that such improvements are of no practical value, a lien
under the statute on the adjacent property for such improve-
ments may be enforced for the real value thereof under a law-
ful contract.

5. Where there is evidence from which the court could have
fairly found a substantial compliance with lawful requirements
in making sidewalk improvements, such finding will not be dis-
turbed on appeal, no abuse of discretion being shown.

6. Where attorney fees allowed under a statute are apparently
excessive for services in the trial court, yet where the defend-
ant appeals and the trial court may have fixed the fees with
reference also to services in the appellate court, the amount
allowed will not be disturbed if not excessive for services in
both courts.

This case was decided by Division A.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the
court.

*T. B. Ellis, Jr.,* for Appellants;

*W. S. Broome* and *Hampton & Hampton,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree declar-
ing a lien upon real estate in favor of the city for sidewalk
and street improvements adjacent to the property in the
city of Gainesville. The amount of the decree is $576.58
and $200.00 attorney fees.

On a demurrer to the bill of complaint, it is argued that

as the statute authorizes and the bill alleges the construction of and indebtedness for a sidewalk "per front foot," and the statement of the indebtedness attached to the bill as a part thereof is for "square feet of sidewalk" and "square yards of roadwork," the bill is without equity.

The attached statement shows "179 feet frontage" of the property and also gives the square feet of sidewalk and square yard of roadwork required and completed. There is in this no variance and no want of equity.

The contention that the statute Chapter 5497 Acts of 1905 authorizing the improvements and the lien therefor is unconstitutional because it was not passed by the senate as required by the constitution cannot be sustained. It appears from the senate journal of 1905 that senate bill No. 108, being the act here considered as shown by the title stated in the journal, "was taken up out of its order," "by a two-thirds vote," "read the third time in full and put upon its passage." Then follows this entry: "Upon call of the roll on senate bill No. 41 the vote was:" giving the names "yeas 24. Nays none. So the bill passed title as stated." Immediately following this, the journal shows that senate bill No. 41, a wholly different bill, the title thereto being given in full, was taken up, read in full and passed by a different vote. These entries taken together as they appear, clearly show that the number 41 given to the bill first mentioned herein was merely a clerical error. The bill actually voted on and passed was No. 108, which bill is the statute here considered.

The number of a bill pending in the legislature is no part of the act but is a method of convenient handling of bills in legislative procedure.

That the city of Gainesville is a municipal corporation in this State sufficiently appears.

The answer denies the alleged passage of the resolution

fixing the indebtedness within thirty days after the completion of the work as required by the ordinance, and also denies the allegation that the work was done in the manner and according to the specifications and requirements of the ordinance, and avers that the work was incomplete, inadequate and a waste of money, and not within the requirements of the ordinance and the contract. A replication put these matters in issue.

There is testimony that because of defects agreed to be repaired, the work was not regarded as in fact completed till it was accepted January 17, 1907. The resolution fixing the indebtedness was adopted February 12, 1907. Under these circumstances, it cannot be said the resolution fixing the indebtedness for the work was not adopted "within thirty days after the construction and completion" of the work as required by the ordinance under which the work was done.

There is testimony that the paving was done "pursuant to the requirements of the ordinance," and also testimony that the work was defectively done. The averment of the answer that the work was incomplete, inadequate and a waste of money is not established by the evidence.

Where there is a substantial compliance with lawful requirements in the construction of sidewalks and street improvements by a municipality and it is not made to appear that the improvements as made are unsuited to the purposes designed, or that such improvements are of no practical value, a lien under the statute on the adjacent property for such improvements may be enforced for the real value thereof under a lawful contract. See Theison v. Whiddon, decided at this term.

There is evidence from which the court could have fairly found a substantial compliance with lawful requirements

in making the improvements and such finding will not be disturbed here, no abuse of discretion being shown.

The allowance of $200.00 attorney fees in this case to enforce a lien for $576.58 is unreasonable for services in the trial court; but the defendants appealed and the city had to employ counsel in this court, and this may have influenced the court in fixing fee, therefore the amount allowed will not be disturbed.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.