G. W. EVORS, *Appellant*, v. T. M. BRYAN, *Appellee*.

Opinion filed April 17, 1919.

1. The opinion evidence of expert witnesses, as to the value of an attorney's services is not conclusive nor is it binding either on the court or on the jury.

2. The courts should exercise care and caution in decreeing attorney's fees to the end that only reasonable fees for services rendered be allowed.

An Appeal from the Circuit Court for DeSoto County; John S. Edwards, Judge.

Decree reversed.

*Timberlake & Robbins,* for Appellant;

No appearance for Appellee.

PER CURIAM.—Upon a suit to foreclose a chattel mortgage given to secure the payment of a note for $70.00 there was a decree in favor of the complainant. By the decree the defendant was ordered to "pay to the complainant within five days from this date the sum of Fifty-three and 37/100 Dollars as principal and interest, and also the costs of said suit, also the said sum Fifty Dollars as a reasonable attorney's fee in said cause." A Master was appointed to execute the decree.

The defendant appeals and assigns as error the finding by the Chancellor that the complainant was entitled to the amount stated and an attorney's fee of $50.00.

There is some evidence in the record to support the finding of the principal sum with interest and we will not disturb the decree on this account; but as to the amount decreed to the complainant for his attorney's fee there was error.

The mortgage secured the payment of a reasonable attorney's fee to the attorney of complainant for foreclosing the mortgage, and there is in the record the evidence of an attorney who testified as a witness in behalf of complainant that in his opinion a reasonable fee to the attorney in the case foreclosing the mortgage would be $50.00 and 10 per centum of the amount involved. There was no other evidence on this point and the Chancellor may have considered this evidence conclusive. But such evidence is not controlling on the court.

It is well settled that the opinion evidence of expert witnesses, as to the value of an attorney's services is not conclusive; nor is it binding either on the court or on the jury. 4 Cyc. 1003; Head v. Hargrave, 105 U. S. 45; Spencer v. Collins, 156 Cal. 298, 104 Pac. Rep. 320, 20

Ann. Cas. 49; Dinkelspiel & Hart v. Pons, 119 La. 236, 43 South. Rep. 1018; Lee v. Lomax, 219 Ill. 218, 76 N. E. Rep. 377; Clark v. Ellsworth, 104 Iowa 442, 73 N. W. Rep. 1023; Noftzger v. McMoffet, 63 Kan. 354, 65 Pac. Rep. 670; Cosgrove v. Leonard, 134 Mo. 419, 33 S. W. Rep. 777; Morehead's Trustee v. Anderson, 125 Ky. 77, 100 S. W. Rep. 340.

In this case it does not appear that there was any complicated questions presented, or any unusual amount of labor required to be performed.    It was an ordinary foreclosure of a chattel mortgage.    This being true, we can not sanction an allowance of an attorney's fee equal to almost two-thirds of the amount claimed, and practically equal to the amount found by the court to be due to the complainant.

In the case of Purvis v. Frink, 57 Fla. 519, 49 South. Rep. 1023, this court said: "The courts should exercise care and caution in decreeing attorney's fees to the end that only reasonable fees for services rendered be allowed."

The attorney's fee allowed in this case was excessive. The decree is, therefore, reversed with directions that it be modified allowing a fee of Twenty Dollars ($20.00) to the attorney of complainant.

All concur.