NATIONAL UNION FIRE INSURANCE COMPANY OF PITTS-
BURG, PENNSYLVANIA, *Plaintiff in Error*, v.
T. J. CONE, *Defendant in Error.*

Opinion Filed July 12, 1920.

1. The provisions in a standard fire insurance policy requiring the insured to notify the company in writing of the loss and to furnish proof of such loss are conditions precedent to the right to sue, but the failure to comply with said provisions promptly does not invalidate the policy or work a forfeiture of the rights of the insured in the absence of a stipulation to that effect.

2. An objection to the introduction in evidence of the original fire insurance policy sued on because of variance between the names of the persons signing as president and secretary as shown by said original policy and the copy attached to the declaration was properly overruled when the court was unable to distinguish from the signatures whether they were the same or not and when the company's agent who issued the policy and whose name was properly given in the copy, identified the policy as the one signed by him and delivered to the plaintiff covering the property in question.

3. A motion to strike testimony must not be too broad. If it includes any proper testimony it should be denied.

4. Where a question propounded to a witness is not shown by the record to have been answered, an assignment of error based on an objection thereto must fail.

5. A question of fact upon which the evidence conflicts is peculiarly within the province of the jury to decide.

6. Where a fire insurance policy provides that loss shall not be payable until sixty days after the proof of loss has been furnished, interest on the amount due does not run prior to said time.

7. Where a motion for a new trial is sufficient to direct the attention of the trial court to harmful error in the general charge given, such error should be corrected.

8. The courts should exercise care and caution in decreeing attorney's fees to the end that only reasonable fees for services rendered be allowed, but where a cause is brought to an appellate court, not to have the amount allowed for attorney fees alone reviewed, but other questions as well, the allowance for attorney's fees will not be disturbed when it appears not to be excessive in view of services rendered in both the trial and appellate courts.

9. Trial courts should not fix the amount of attorney's fees in anticipation of a possible or probable appeal or writ of error.

A Writ of Error to the Circuit Court for Alachua County; J. T. Wills, Judge.

Judgment affirmed.

*E. G. Baxter* and *F. Y. Smith,* for Plaintiff in Error;

*W. S. Broome* and *Thos. W. Fielding,* for Defendant in Error.

REAVES, Circuit Judge.—T. J. Cone, whom we shall call the plaintiff, sued the National Union Fire Insurance Company of Pittsburg, which we shall call the defendant, in the Circuit Court of Alachua County, to recover for damage done by fire to a building owned by the plaintiff, and insured by the defendant. The property was insured for $700.00. The fire occurred December 1, 1916. The company was notified in writing, and proper proof of the damage furnished as required by the contract, on August 4, 1918. The verdict and judgment gave the plaintiff $225.00 damages, with interest at 8% from the day of the fire, amounting to $45.00, and attorney's fees, $150.00.

The first assignment of error complains of the order of the court in sustaining a demurrer to the defendant's first and second amended pleas. By the first of these pleas it is alleged that the plaintiff ought not to have or maintain his action, for the reason that the policy provides that "if fire occur the insured shall give immediate notice of the loss in writing to this company," and that such notice was not immediately given, but was delayed as hereinbefore stated; and the second plea is similar, except that it alleges delay in furnishing the proof of loss required by the policy. That these provisions in a standard fire insurance policy are conditions precedent to the right to sue and the failure to comply with them promptly does not invalidate the policy or work a forfeiture of the rights of the insured in the absence of a stipulation to that effect is settled by the decision of this court in Hartford Fire Ins. Co. v. Redding, 47 Fla. 228, 37 South. Rep. 62.

It is next assigned that the court erred in overruling defendant's objection to the introduction of the policy

in evidence. The defendant, by proper plea, had denied the making of the policy sued on, and the objection to the introduction of the policy offered is based on a supposed variance between the names of the persons signing as president and secretary and the corresponding officers as named on a copy of the policy attached to the declaration. The court, in overruling this objection, said he was unable to distinguish from the signatures whether they are the same or not. It is, therefore, manifest, that we cannot hold the trial court in error, inasmuch as the original policy is not before this court for examination. Moreover the company's agent who issued the policy, and whose name is properly given in the copy attached to the declaration, identified the policy offered in evidence as the one signed by him and delivered to the plaintiff covering the property in question. It is, therefore, manifest that the defendant was not misled, even if it be true that the copyist failed to correctly decipher and reproduce the names.

The third assignment is that the court erred in refusing to grant the motion of the defendant to strike all the testimony of the witness P. H. Perry. The ground of the motion is that Perry, in his estimate of the cost of replacing the building, has based the estimate on the cost of new material, instead of material of the character in the building at the time of the fire. This motion was properly overruled. It was too broad. The witness had described the extent of the burning and given an estimate of the amount of material required to replace the burnt portions. To describe the effect of the fire certainly was proper testimony, and any motion to strike including this testimony was properly overruled. Again, it had been testified that used material—such as that in the building—could not be bought in the market, hence estimates

were necessarily based on the cost of new material, and it cannot be said that such an estimate was of no assistance to the jury in determining the extent of the loss.

The next assignment is directed against an opinion of the witness Hiatt as to what it would cost to repair burnt portions, it being claimed that Hiatt had not properly qualified as an expert. The witness had testified that he had been a contractor and builder in Gainesville, Florida, for seventeen years, and had followed said trade in Gainesville and other places for thirty years, and that he had examined the buildings, etc. The fire occurred at Alachua, in Alachua County, and it cannot be said that a witness with such extensive experience at a nearby town as Mr. Hiatt is shown to have had is not competent to testify in the manner indicated.

The next assignment is based upon the order of the court overruling defendant's motion "to strike all that part of the testimony" of the witness Hiatt "relating to smoke in the room and the fallen plastering and the holes that he testified about through the walls as he has not shown that he knows it came from the fire in question." This witness had described the condition of the building, stating that the roof was burned off of the dining room and kitchen, the rafters were charred, etc., and that a hole was broken through into the main body of the house, "by trying to put the fire out," he supposed, and that the plastering was broken and the ceiling smoked in the main body of the house. It was certainly competent for the witness to describe the conditions as he found them at the house, and it was for the jury to determine whether or not the evidence of smoke which he saw on the ceiling and plastering was the result of the fire in question.

There was nothing in the evidence indicating that it was due to any other cause.

The question forming the basis of the 6th assignment of error is not shown by the record to have been answered, hence that assignment must fail. The 7th, 8th, and 9th assignments are that the verdict is contrary to the evidence, contrary to law, and the damage allowed is excessive. The estimate made by the witness for the plaintiff indicated that the damage was more than the jury allowed, while an estimate made by a witness introduced by the defendant, and which he claimed to have made shortly after the fire, showed a very slight damage. This was a matter peculiarly within the province of the jury to determine, and their finding was properly not disturbed by the trial court.

The 11th assignment is that the verdict allowing interest from December 1, 1916, is contrary to law. This is well taken, because, under the terms of the policy, the loss was not payable until sixty days after the proof of loss had been furnished; and the declaration and evidence show that the proof was not furnished until August 14, 1918. Therefore the interest allowed was excessive to the amount of $33.00 and a remittitur of that amount should be made. It is argued that the defendant cannot be heard to complain of this error because the court charged the jury that they might allow interest from December 1, 1916, and the defendant did not except to this charge. It is true that no exception at the time the charge was given is shown by the record, but, under the statute, a charge given by the court of his own motion may be excepted to in the motion for a new trial, and the motion for a new trial in this case assigns, among other matters, the following: "Because the verdict

fixing the rate of interest from December 1, 1916, is contrary to law." This was sufficient to direct the attention of the trial court to the matter of interest; and the error should have been corrected.

The 10th assignment is that the attorney's fee allowed by the judgment is. excessive. "The courts should exercise care and caution in decreeing attorney's fees, to the end that only reasonable fees for services rendered be allowed." Purvis v. Frink, 57 Fla. 519, 49 South. Rep. 1023.

"The opinion evidence of expert witness as to the value of an attorney's services is not conclusive nor is it binding either on the court or on the jury." Evors v. Bryan, 77 Fla. 399, 81 South. Rep. 513.

This was a simple case, the declaration is in the statutory form, the testimony was short and the recovery small. An attorney's fee of $150.00 for recovering $225.00 under such circumstances seems out of proportion. A fee of $75.00 would have been more in harmony with the facts of the case at bar and the law as declared and applied by this court in the cases above cited. But the case was brought up not to have the amount of attorney's fee alone reviewed, but many other questions as well, and, therefore, we should not disturb the allowance for attorney's fee when it appears not to be excessive in view of services rendered, both in the trial and appellate courts. Purvis v. Frink, 61 Fla. 712, 54 South. Rep. 862; Morris v. City of Gainesville, 60 Fla. 338, 53 South, Rep. 739.

But we must not be understood as approving any practice whereby a trial court may fix the amount of attorney's fee in anticipation of a possible or probable appeal or writ of error, and if any language used in the

opinion in Morris v. City of Gainesville, *supra,* seems to so state, such language is disapproved and any such intent disclaimed. Should an unreasonable amount be allowed by a trial court and the cause be brought to this court upon that question alone, it would be our clear duty to grant relief without reference to services in the appellate court.

The judgment should be affirmed upon plaintiff entering a remittitur of $33.00 to cover the excess interest.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment herein be, and the same is hereby, affirmed.

BROWNE, C. J. AND TAYLOR, WHITFIELD, ELLIS, AND WEST, J. J. concur.