MATHEWS, Chief Justice.
The petition for writ of certiorari is from a final judgment of the Circuit Court of Pinellas County ordering the case remanded to the Civil and Criminal Court of Record for a new trial.
The case was originally tried in the Civil and Criminal Court of Record whereby the respondent was the plaintiff. He was a practicing dentist, and rendered bills on account of services rendered to petitioner’s son in the sum of $578. The sum of $178 was paid by the respondent but he refused to pay the balance which amounted to $400. A suit was filed for the balance claimed to be due of $400. The petitioner filed his answer in which he admitted that the services were performed but alleged that the sum of $578 was unreasonable.
A trial was had upon the issue of the reasonableness of the charges which resulted in a verdict of $200. The respondent testified that the sum of $400 was reasonable and in support thereof there was also produced the testimony of another dentist to the same effect. The petitioner offered no dental testimony and was his only witness. He testified that he refused to pay because he considered the charges excessive and unreasonable. The Cou'rt denied a motion for new trial or a motion for directed verdict.
On appeal the Circuit Court held that this jury trying the case must disregard all testimony as to the reasonable value of the services except that of expert witnesses, or to state the question in another way, that the testimony of an expert witness is conclusive on the Court and the jury unless it. is Repudiated or controverted by other expert testimony.
In the case of Williams v. La Penotiere, 32 Fla. 491, 14 So. 157, 159, an attorney’s fee was involved. The trial Judge instructed the jury to give more weight to the testimony of experts than to that of laymen. This Court said:
“* * * As the testimony of the defendant was before the jury for their consideration, it was error for the court to throw the weight of its influence in favor of the testimony for plaintiff. This is clearly a violation of the rule. Whatever may be our opinion in reference to the sufficiency of the evidence to sustain the verdict rendered, we cannot allow the province of the jury in reaching that result to be invaded as it was in this case. * * * ”
See also Evors v. Bryan, 77 Fla. 399, 81 So. 513; and National Union Fire Insurance Company of Pittsburgh, Pa. v. Cone, 80 Fla. 265, 85 So. 913.
The opinion of an expert as to the reasonable value of professional services was not conclusive in this case and was not binding upon the Court or the jury. In holding otherwise there was departure from the essential requirements of the law.
In awarding a new trial, the Circuit Court said:
“* * * It is my opinion that the judgment of the lower court should be reversed and this cause remanded for a new trial. Had there been some expert testimony to the contrary to controvert the experts then this situation of the reversal of this case could not have arisen.”
The petition for writ of certiorari be and the same is hereby granted, with directions to the Circuit Court to set aside its judgment awarding a new trial and to enter a judgment affirming the final judgment of the Civil and Criminal Court of Record in and for Pinellas County.
TERRELL, ROBERTS and BUFORD, JJ., concur.