FIRST NAT. BANK OF OSWEGO *v.* TOWN OF WALCOTT.

*(Circuit Court, N. D. New York.    July 9, 1881.)*

1. MUNICIPAL BONDS—AUTHORITY—RATIFICATION.
    Whether the commissioners of the defendant complied with the statutory requirements in issuing its bonds or not, the defendant ratified their act by paying interest for six or seven years upon the bonds, and retaining the stock of the railroad company received in exchange for the bonds.

2. SAME—SAME—RECITALS—BONA FIDE PURCHASER.
    Whether the recital of the bonds, that they were issued "by virtue of an act of the legislature of New York, entitled," etc., warranted a purchaser in assuming without examination that the agents of the defendant had complied with the statutory requirements in issuing the bonds, *query.*

*Rhodes & Richardson,* for plaintiff.

*C. H. Roys,* for defendant.

WALLACE, D. J.    A question is made in this case whether the recitals upon the face of the bonds issued in the name of the defendant are such as to authorize a purchaser to assume that the agents of the defendant had complied with the statutory requirements in issuing the bonds. If they were not sufficient, it was incumbent upon a purchaser to examine into the preliminary proceedings in order to ascertain whether or not the commissioners had observed the conditions which the statute imposed upon their action. The recital upon the face of the bonds is that they were issued "by virtue of an act of the legislature of the state of New York, entitled," etc.

In *Pompton* v. *Cooper Union,* 101 U. S. 196, the supreme court of the United States held that where the bonds recited

on their face that they were issued "in pursuance" of an act of the legislature of New Jersey, a *bona fide* purchaser had a right to presume the power of the agents was properly exercised, and was not bound to look beyond the question of its existence. In that case, as in the present, the recital was of a legal conclusion; but in that case it was a legal conclusion which was not warranted unless there had been a compliance with the statute, while here it might be correct, although there had not been a compliance. A recital that bonds have been issued by virtue of a certain statute may mean only that the authority to issue them was derived from the statute, being used as the equivalent of legal efficacy or power. Assuming, however, that the recital is not a sufficient protection to the plaintiff as a *bona fide* purchaser of the coupons, it must be held, upon the controlling authority of *Irwin* v. *The Town of Ontario*, 3 FED. REP. 49, that the defendant has ratified the act of the commissioner in issuing the bonds by paying interest for six or seven years upon the bonds, and retaining the stock of the railroad company received in exchange for the bonds. It is urged that the town was compelled to pay interest, and that the payments were not the voluntary act of the defendant. Assuming that to be so, it is shown that, upon the delivery of the bonds, the town received a certificate of stock in the railroad company for 1,280 shares in 1871, and has retained that stock, with the right to participate as a stockholder, from that time to this. It was certainly competent for the town, when its agents issued its obligations under circumstances which did not justify them in doing so, to repudiate the act, and upon returning or offering to return the benefits derived, to demand a rescission of the transaction as between itself and the other original parties to the transaction. Instead of doing this, it has lain by all these years; and, in the meantime, its obligations have been transferred from dealer to dealer in the market, in part, doubtless, in reliance that by the regular payment of interest the defendant recognized its obligations, and by its long acquiescence in what had taken place did not intend to question its liability. Practically, such considera-

tions would be influential in giving currency and value to the bonds; and, upon the principle of ratification, it is now too late to permit the defendant, while retaining the benefit of the transaction, to dispute its obligations.

Judgment is ordered for the plaintiff.