METROPOLITAN LIFE INSURANCE COMPANY *v.* LEACH.

4-5517                                      129 S. W. 2d 588

Opinion delivered June 12, 1939.

*Westbrooke & Westbrooke,* for appellant.

*J. W. Watkins* and *Denver L. Dudley,* for appellee.

532

Smith, J. Earnest E. Leach was an employee of the Poinsett Lumber & Manufacturing Company, and, as such, held a certificate, which entitled him to the benefits of a group life insurance policy issued by the appellant insurance company to the lumber company. The certificate was for the sum of $1,500, and was payable "if death occur while the employee is in the employ of the employer, or within thirty-one days after the termination of his employment, provided the group policy is in force at the time of the death." The certificate provided, further, that if the employee became wholly or continuously disabled as a result of bodily injury or disease, so as to be unable to continue his employment, the insurance should be continued in force during the continuance of such disability.

Leach died, and his widow, the beneficiary named in his certificate, sued to collect the amount of the certificate. The insurance company defended upon the ground that Leach quit work and ceased to be an employee on May 7, 1937, and died August 21, 1937, which was, of course, more than thirty-one days thereafter. The case was brought and tried upon the theory that between those dates the insured was continuously and wholly disabled as a result of bodily injury and disease from engaging in any and every business or occupation and from performing any and all work for compensation or profit. If this were true, the policy, by its terms, continued in force until the death of the insured.

The testimony is to the effect that, after the termination of the employment, the insured left home, with $5 in his pocket, and was gone for several weeks, during which time his wife was not apprised of his whereabouts.

It became necessary to show insured's ill-health during this period, and to obtain that information much correspondence and several trips by the insured's attorney were required, the expenses of which were paid by him. These were not expensive trips, however, and the amount of the expenses was not shown.

There was a verdict and judgment for the face of the certificate, and interest thereon was allowed, together with the statutory penalty of 12 per cent. A motion was

made for the court to fix and allow a fee for the attorney, during the hearing of which motion it was indicated that an appeal from the entire judgment would be prosecuted. Testimony was heard by the court as to what would be a reasonable fee under the circumstances, and three practicing attorneys testified that, in their opinion, $600 would be a reasonable fee, and that fee was allowed by the court. An appeal was prosecuted, which has brought the entire record of the cause before us, but it is now insisted only that the fee allowed the attorney was excessive. No other question is raised.

It is obvious that the fee allowed is forty per cent. of the amount sued for and of the judgment recovered, which is greatly in excess of the per cent. previously allowed in any similar case, and we are of opinion that it is excessive and should be reduced. It is true reputable attorneys testified that $600 was a reasonable fee, and no one testified to the contrary. We have no doubt that this was the honest opinion of the witnesses, but we are equally certain that other attorneys, equally able and reputable, could have been employed for this service for a much smaller fee.

In construing the statute under which the fee was allowed in the case of *The Mutual Life Ins. Co. of N. Y.* v. *Owen,* 111 Ark. 554, 164 S. W. 720, we said: " 'The statute provides that a reasonable attorney's fee for the prosecution of the suit and collection of the amount of the loss under the policy shall be taxed against the company. This means such a fee as would be reasonable for a litigant to pay his attorney for prosecuting the case, and not a speculative or contingent fee based upon the uncertainty of the result of the litigation.' "

In discussing the weight to be given opinion evidence as to what the fee of an attorney should be when taxed by the court, we said, in the case of *Shackleford* v. *Arkansas Baptist College,* 181 Ark. 363, 26 S. W. 2d 124, that "Neither the trial court, nor this court on appeal, is bound by the testimony of appellant and his expert witnesses in determining the value of his services." Such testimony should, of course, be given, and always re-

ceives, due consideration, but it is advisory, and not conclusive, upon the court below nor upon this court.

In the case of *Aetna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. 2d 310, the trial court allowed a fee of $500 upon the recovery of a judgment for $2,250 against the insurance company which had issued the policy there sued upon. The fee was held to be excessive and was reduced to $400. That case cites a number of earlier cases on this subject.

In this case we think the fee should not exceed $400, and will be fixed at that amount. It would be fixed at even less but for the fact that the record shows, as hereinabove recited, that time, labor and expense were required to make the showing that the insured's illness continued after he left home.

The judgment will, therefore, be modified by reducing the attorney's fee to $400, and, as thus modified, is affirmed.