**BELLE G. BRICKELL, a single woman, v. ELIZABETH Di PIETRO, a widow.**

12 So. (2nd) 782                             January Term, 1943
February 26, 1943                                  Division A
Petition for Rehearing Denied April 14, 1943

*Ward & Ward,* for petitioner.
*Morrow & Mayes,* for respondent.

TERRELL, J.:

Petitioner as complainant filed her bill of complaint against respondent praying for partition of that parcel of land known as Brickell Point in Miami, Florida. A motion to dismiss raised the single question to-wit: Complainant having acquired her interest in the property from a trustee in bankruptcy, she held it in trust and being so, a sale to effectuate partition would be ineffective. A decree of the trial court overruling this contention was upheld by this Court. Brickell v. DiPietro, 145 Fla. 23, 198 So. 806.

On the going down of the mandate, a final decree of partition was entered and commissioners were appointed to make the division. The commissioners performed their duty and made their report to. which exceptions were filed and overruled. Attorneys' fees in the sum of $15,000.00 were awarded. That part of the decree awarding attorneys' fees is here for review by certiorari under Rule 34 of the Rules of this Court. It is contended that the amount awarded is exorbitant and excessive.

We have examined the record in both appeals and neither is large as records go; in the first appeal it is less than one hundred pages and in the present appeal it is less than one hundred and fifty pages; the title to the lands was not in question; no complex or difficult questions were raised and no intricate problems developed. It is shown that the property had a speculative value of $150,000.00 or more. This was subject to taxes and other encumbrances in approximately half the alleged value. Under the law of this State, all parties interested in a partition suit may be required to bear a portion of the cost including reasonable attorney's fee. Cases may arise in which the value of the land would be a criterion for determining the amount of the fee but we cannot see that it had any such status in this case.

It is quite true that the cause was strung out over a period

of four years before the final judgment was evolved but chronology, procedural lag, or size of the record, absent other elements, do not of themselves furnish a criterion to measure the fee. There is testimony in the record as to what fee should be allowed but since the amount of the fee is the subject assaulted and the minds of counsel are wide at variance on that point, we resort to the record to rest our judgment. Nothing said in this opinion is based on the evidence or has the remotest reference to the gentlemen who testified. Our only purpose is to indicate the manner in which the mind of the court works when confronted with a judgment awarding attorney's fee when assaulted for unreasonableness.

A court is without power to measure an attorney's fee except on the basis of quantum meruit or a quid pro quo. The litigant who pays it may do more. He may make it an honorarium and will occasionally do so when he has a skilled diplomat for a lawyer but such payments furnish no guide for measuring fees in general. Testifying to a reasonable fee is delicate business and should be done with a view to common sense realism, that is to say, it should pose an amount that public standards will approve for the work done, the time consumed, and the skill required. Strict observance of these elements begets public confidence but evidence which side steps them has no relation to them or that which is given as a professional courtesy affords no aid in reaching a just judgment. So much may be said of evidence based on schedules of fees that is not shown to bear a proper relation to these elements as they affect the case in hand.

In mere technique, this case was skillfully handled but we think a fee of $7500 would have been ample. The writ of certiorari is accordingly granted and the cause is reversed with directions to the chancellor to award a fee of not exceeding this sum.

It is so ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.