129 So.2d 175 (1961)
RONLEE, INC., a Florida corporation; Brooks Paving Company, Inc., a Florida corporation; and Fidelity & Deposit Co. of Maryland, a Maryland corporation, Appellants,
v.
P.M. WALKER CO., Inc., a Florida corporation, Appellee.
No. 60-394.
District Court of Appeal of Florida. Third District.
April 27, 1961.
Rehearing Denied May 15, 1961.
Thomas A. Horkan, Jr., and Joseph M. Fitzgerald, Okell & Okell, Miami, for appellants.
*176 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl and James Knight, Miami, for appellee.
PER CURIAM.
The appellants were defendants in an action brought by appellee for the recovery of the balance due for the purchase price of certain lime rock supplied to the appellant Ronlee, Inc., under a written contract. The remaining defendants were alleged to be liable as guarantors. At the close of the defendants' case the court entered a directed verdict in favor of the plaintiff for the full amount of its claim, and further directed a verdict against the defendant Ronlee, Inc., for attorney fees in the amount of $9,619.75. The judgment was entered thereon and this appeal followed.
There is no dispute as to the amount of plaintiff's recovery under the complaint. The defendants maintain, however, that the directed verdict was error in two respects. First, because the court refused to admit certain evidence which they maintain was material to the establishment of a counterclaim of defendant Ronlee, Inc. Second, the appellant Ronlee maintains that the direction of the verdict against Ronlee for attorney fees, in the amount of $9,619.75, was error.
On consideration of the first point, we are of the opinion that the appellant failed to demonstrate error, and to that extent the judgment is affirmed. It was, however, error for the trial court to direct the jury to include in the verdict $9,619.75 attorney's fee. The contract between the plaintiffs and defendant Ronlee provided for the payment of a reasonable attorney's fee on breach of the contract.[1]
The amount of the fee which the court directed the jury to find was reached upon the testimony of two witnesses. The president of the plaintiff corporation testified that he had retained attorneys to represent him in connection with the contract and to bring action, and had agreed to pay to them a contingent fee of "twenty-five percent of the amount collected." The second witness was a practicing attorney who testified that he was familiar with contingent fees customarily charged by attorneys in Dade County, Florida, for the collection of contract obligations, and that the contingent fee agreed to by the plaintiff and his attorneys was a fair contingent fee arrangement. There was no other testimony offered as to attorney's fees.
It is settled that testimony as to the value of an attorney's services is strongly persuasive and may aid in the determination, but is not binding on the jury. See Baruch v. Giblin, 122 Fla. 59, 164 So. 831; Folmar v. Davis, Fla.App. 1959, 108 So.2d 772; Romy v. Dade County, Fla.App. 1959, 114 So.2d 8. For that reason alone the judgment must be reversed, and the cause remanded for submission of the issue of the amount of such attorney's fee to a jury for determination. The need for new trial on that issue makes it necessary that we go further into the nature of the evidence offered to support the claim for attorney's fees. The amount which a person may agree to pay as a contingent fee ordinarily is not a fair measure of the value of the legal services involved. This is true because, in the case of a contingent fee where nothing will be payable in the absence of recovery, the fee to be paid in the event of recovery usually is set higher than it would be a flat fee for the services actually performed. Also, if a party to a contract such as the one involved in this case could require the defaulting party to pay any fee which the former might arrange with his attorney, he would be inclined to be liberal in contracting *177 with his attorney. It must be kept in mind that the defendant Ronlee was not a party to the fee contract which the P.M. Walker Company made with its attorneys, and is not bound thereby. Therefore, the question for the jury was the reasonable value of the services of plaintiff's counsel.[2]
Whereupon, the judgment is affirmed except as to the award for attorney's fees, and the cause is remanded to the circuit court for a new trial upon that issue alone.
Affirmed in part and reversed in part and remanded.
HORTON, C.J., and PEARSON and CARROLL, CHAS., JJ., concur.
NOTES
[1] "Upon breach of any of the terms or conditions of this agreement, the injured party may place the matter in the hands of an attorney for appropriate action, in which event the other party agrees to pay all costs and expenses, including, but not limited to attorney's fees reasonably incurred by the injured party in its behalf."
[2] Elements to be taken into consideration in fixing or determining such fees are set out in Penn-Florida Hotels Corporation v. Atlantic Nat. Bank of Jacksonville, 126 Fla. 344, 170 So. 877, at page 880. See also, Baruch v. Giblin, supra; Folmar v. Davis, supra; Romy v. Dade County, supra.