The **TRAVELERS INSURANCE COMPANY**, Appellant,

v.

**Carolyn W. DAVIS**, Appellee.

No. 26230.

United States Court of Appeals Fifth Circuit.

March 17, 1969.

As Modified on Denial of Rehearing and Rehearing En Banc Denied May 19, 1969.

Francis P. Conroy, II, Bruce S. Bull-ock, Jacksonville, Fla., Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Fla., of counsel, for appellants.

C. Harris Dittmar, Jacksonville, Fla., Walter L. Robison, Jacksonville, Fla., Bedell, Bedell, Dittmar & Smith, Jacksonville, Fla., of counsel, for appellee.

Before THORNBERRY and DYER, Circuit Judges, and KEADY, District Judge.

KEADY, District Judge:

The sole question presented on this appeal is the correctness vel non of the standards applied by the District Court in awarding plaintiff-appellee the sum of $39,027.78 as attorney's fees pursuant to § 627.0127, Fla. Statutes, F.S.A., as amended July 25, 1967.[1]

The factual background of this case and the proceedings below are summarized briefly as follows: Appellee, after unsuccessful attempts to collect as beneficiary under the $100,000 accidental death policy issued by appellant, and under other policies,[2] for the death of her husband, retained counsel and agreed to a contingent fee contract which would pay trial counsel, jointly with her probate counsel, a fee of 33⅓% of all amounts recovered by her on such claims. The contract also provided that any amount awarded by the court as attorney's fees and costs would be credited to the agreed percentage fee.

The claim against Travelers proceeded to trial, and judgment was entered in the district court on a jury verdict in favor of appellee for the policy limits with interest thereon from the date of the death of appellee's husband, or a total of $117,083.35. As the appellee had successfully prosecuted her suit against the appellant, the matter was then presented to the trial judge for adjudication of the amount of attorney's fees to be awarded to her, pursuant to § 627.-0127.

At the hearing, appellee's lead counsel represented that his firm's records indi-

---

1. § 627.0127 provides, in pertinent part, as follows:

"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."

2. In addition to the policy insured by Travelers, the deceased had a Bankers Life policy of $100,000, an Aetna Casualty & Surety policy for $50,000, an Aetna automobile liability policy with accidental death benefits of $1,000, two New York Life policies with double indemnity benefits totaling $10,000, and a Metropolitan Life policy with double indemnity benefits totaling $12,000. Settlements were reached on the Bankers Life policy for between $69,000 and $70,000 and on the Aetna claims for $35,000 before any suits were filed. Suits filed against Travelers, Metropolitan and New York Life were consolidated for trial, but the New York Life case was settled prior to trial for $7,500.

cated that he and the other attorneys who worked on the case had logged approximately 744 hours.[3] He was. unable to account specifically for the 200 hours claimed for Mr. Beakes, appellee's probate counsel, and the latter did not explain to the court what part, if any, he took in the litigation. Appellee introduced as an expert witness, a local attorney whose practice consisted chiefly of the representation of personal injury claimants. He testified that in handling a plaintiff's case on a time basis, his minimum fee would be $50 an hour and $500 per day in the courtroom, but that to take it on a contingent fee basis, he should expect to realize a greater fee, in case of victory, because of uncertainty as to the litigation's outcome, and would, therefore, fix his percentage fee accordingly. He further stated that the average contingent fee contract in the Jacksonville area provided for 40% of the recovery and gave his opinion that a reasonable fee in this particular case would be 33⅓% or $39,027.78.

Appellant introduced two attorney-witnesses, both of whom indicated that a reasonable fee in this case would be a much lower sum than that suggested by appellee. One testified that a proper fee would be $23,500 based upon an estimated time investment of not in excess of 400 hours and a consideration for successful results. The other opined that a reasonable fee would be $25,000, which sum would include a factor for successful results in excess of actual hourly value of the work performed at the rate of $40 per hour for senior partners and $20 per hour for the younger, less experienced associates.

At the conclusion of the hearing, and after receiving memoranda from counsel, the district court, without making findings or issuing an opinion, ordered appellant to pay attorney's fees in the sum of $39,027.78, which was the exact equivalent of 33⅓% of the total judgment, principal and interest, recovered by her. It is apparent from the record that the trial judge either considered himself bound by the terms of the contingent contract between appellee and her attorneys, or he concluded that a fee of 33⅓% was fair and reasonable. Utilization of either of these standards, however, would constitute an abuse of discretion, and for this reason, we reverse and remand for findings of fact and conclusions of law, and direct that judgment be entered in accordance with the interpretation of § 627.0127 as enunciated herein.

■ The purpose of the Florida statute allowing recovery of attorney's fees by successful claimants under insurance policies is to discourage litigation over such policies and to reimburse successful plaintiffs reasonably for monies expended for attorney's fees in suits to enforce insurance contracts. American Fidelity & Casualty Co. v. Greyhound Corp., 258 F.2d 709 (5 Cir. 1958); Feller v. Equitable Life Assurance Society of United States (Fla. 1952), 57 So.2d 581. Although an allowance thereunder may be considered as in the nature of a penalty, the general rule in states having such statutes is that the amount assessed should never be based on a contingent contract, such as might exist between a claimant and his attor-

---

3. Mr. Dittmar's testimony reveals the following breakdown:

| Attorney | Experience | Time Spent |
|---|---|---|
| Dittmar | Partner—16 years | 244 Hours |
| Bedell | Partner—20 years | 8 |
| Zehmer | Partner—7 years | 31.3 |
| Robison | Associate—2 years | 260.6 |
| Beakes | 28 years | 200 |

Mr. Beakes is not a member of the law firm of Bedell, Bedell, Dittmar & Smith. He was her probate counsel, having personally represented appellee and her husband during his lifetime.

**248**

ney, but should represent only a reasonable fee for the services actually performed. 3 Appleman, Insurance Law and Practice § 1646 at 424. See, e.g., Metropolitan Life Insurance Co. v. Leach, 198 Ark. 531, 129 S.W.2d 588 (1939); Wolf v. Mutual Ben. Health & Acc. Ass'n., 188 Kan. 694, 366 P.2d 219 (1961); American Nat. Ins. Co. v. Valencia, 91 S.W.2d 832 (Tex.Civ.App. 1936). In analogous situations the Florida courts have consistently held that "a court is without power to measure an attorney's fee except on the basis of quantum meruit or a quid pro quo." Brickell v. Di Pietro, 152 Fla. 429, 12 So.2d 782, 783 (1943). This rationale is clearly set forth in Ronlee, Inc. v. P. M. Walker Co., (Fla.App. 3rd Dist. 1961), 129 So.2d 175, 176:

> "The amount which a person may agree to pay as a contingent fee ordinarily is not a fair measure of the value of the legal services involved. This is true because, in the case of a contingent fee where nothing will be payable in the absence of recovery, the fee to be paid in the event of recovery usually is set higher than * * would be a flat fee for the services actually performed. Also, if a party to a contract such as the one involved in this case could require the defaulting party to pay any fee which the former might arrange with his attorney, he would be inclined to be liberal in contracting with his attorney."

■ Thus the amount to be awarded as attorney's fees under the Florida statute is to be determined not from the point of view of the lawyer and client, but from that of the presiding trial judge. The court may, of course, take into consideration the nature of the suit, the amount in controversy, any unusual features of the case, such as the length-

iness of a trial or the complexity of the evidentiary detail involved, New York Cent. Mut. Fire Ins. Co. v. Diaks, 69 So. 2d 786 (Fla.1954), and the contingency or the certainty of the compensation, Penn-Florida Hotels Corp. v. Atlantic Nat. Bank, 126 Fla. 344, 170 So. 877, 880 (1936); F. L. Stitt & Co. v. Powell, 94 Fla. 550, 114 So. 375 (1927). In doing so, the court should assess only such amount as 'public standards will approve for the work done, the time consumed, and the skill required.' Brickell v. Di Pietro, supra at 783. There must be a showing of need made for the services of all attorneys engaged by a party in order for such to fall within the statutory recognition.

■ Under any view of the evidence, we must hold that an allowance of $39,027.78 as an attorney's fee was excessive and does not comport with the standards of quantum meruit required by the unequivocal decisions of the Florida courts.

■ It is not, however, the function of this Court "to search the record and analyze the evidence in order to supply findings which the trial court failed to make," Kelley v. Everglades Drainage District, 1943, 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485; Victory Towing Co., Inc. v. Bordelon, 5th Cir. 1955, 219 F.2d 540. The reasonableness of an attorney's fee allowable to appellee is primarily a disputed question of fact on the record made in the trial court. On a remand of this case the district judge should make a determination of this issue from the evidence in accordance with Rule 52, F.R.Civ.P.[4] applying the legal principles herein announced.

■ Appellee's motion for additional attorney's fee on appeal is denied, as she has not prevailed here.

4. Rule 52(a) provides, in pertinent part:
"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motions except as provided in Rule 41(b)."

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

■ The Petition for Rehearing is denied and no member of this panel nor Judge in regular service on the Court having requested that the Court be polled on rehearing en banc (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is denied.