345 So.2d 412 (1977)
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant,
v.
GORGEI ENTERPRISES, INC., d/b/a Gorgei Wheels of Fun, Appellee.
No. 76-1481.
District Court of Appeal of Florida, Second District.
May 4, 1977.
Rehearing Denied May 26, 1977.
George A. McKendree, of Miller & McKendree, Tampa, for appellant.
Ted L. Wells, Tampa, for appellee.
GRIMES, Judge.
Appellee sued appellant for the payment of a fire loss to property owned by appellee. The appellee also alleged bad faith and sought punitive damages. Appellant admitted the coverage under the insurance policy issued to appellee. Appellant further admitted that losses had been sustained, though the amount of the loss was in controversy. With respect to the claim of bad faith, appellant contended that payment was originally withheld pending an arson investigation involving appellee which was being conducted by the police.
Appellee's claims were settled on the day set for trial for $65,000. Of this sum, the *413 parties allocated $57,500 to fire damages and $7,500 to punitive damages.[1] The settlement agreement provided that the court would set a reasonable attorney's fee for the insured's attorney pursuant to Section 627.428, Florida Statutes (1975). Following a hearing, the court awarded appellee's attorney a fee of $25,000.
The sole issue raised by this appeal is whether the amount of the attorney's fee was excessive.
Initially, appellee entered into a contingent fee contract with his attorney whereby upon the filing of suit the attorney would receive 40% of any recovery.[2] When the case was settled and the parties submitted the determination of the fee to the court, appellee's attorney agreed to waive his claim under the contract. However, the fee contract was introduced as evidence to be considered by the court in setting the fee. The appellee's attorney estimated that he had spent a minimum of 111 hours on the case and asked that he be awarded $26,500. Another attorney testified for appellee that in his opinion a reasonable fee would be $25,500. Nevertheless, he admitted that competent counsel could be hired for this type of case at an hourly rate of $75. An attorney testified on behalf of the appellant that in his opinion a reasonable fee was $10,000.
A contingent fee in a claim against one's own insurance carrier is something of an anomaly since the law, itself, calls for the assessment of attorney's fees against the carrier should the action be successfully maintained. Nevertheless, we know of nothing which would preclude a contingent fee contract for the prosecution of such a claim in which a party could agree to pay a fee which might exceed the amount awarded by the court. However, the terms of a contingent fee contract cannot bind the court in its determination of the amount of a reasonable fee. Thus, the court in Ronlee, Inc. v. P.M. Walker Co., 129 So.2d 175 (Fla. 3d DCA 1961), said:
"... The amount which a person may agree to pay as a contingent fee ordinarily is not a fair measure of the value of the legal services involved. This is true because, in the case of a contingent fee where nothing will be payable in the absence of recovery, the fee to be paid in the event of recovery usually is set higher than it would be a flat fee for the services actually performed. Also, if a party to a contract such as the one involved in this case could require the defaulting party to pay any fee which the former might arrange with his attorney, he would be inclined to be liberal in contracting with his attorney... ."
In Insurance Company of North America v. Welch, 266 So.2d 164 (Fla. 4th DCA 1972), the plaintiff's attorney prosecuted a claim against an insurance carrier on a 33 1/3% contingency basis. Attorney's fees in the amount of $17,000 were awarded on a $52,000 claim. Reasoning that the fee was almost exactly one-third of the total recovery, our sister court concluded that the award was based on the contingent fee contract rather than on the reasonableness of the fee for the services actually performed and reversed. The court quoted with approval from the opinion in Travelers Insurance Co. v. Davis, 411 F.2d 244 (5th Cir.1969), which stated:
"`Thus the amount to be awarded as attorney's fees under the Florida statute is to be determined not from the point of view of the lawyer and client, but from that of the presiding trial judge. The court may, of course, take into consideration the nature of the suit, the amount in controversy, any unusual features of the case, such as the lengthiness of a trial or *414 the complexity of the evidentiary detail involved, New York Cent. Mut. Fire Ins. Co. v. Diaks, 69 So.2d 786 (Fla. 1954), and the contingency or certainty of the compensation, Penn-Florida Hotels Corp. v. Atlantic Nat. Bank, 126 Fla. 344, 170 So. 877, 880 (1936); F.L. Stitt & Co. v. Powell, 94 Fla. 550, 114 So. 375 (1927). In doing so, the court should assess only such amount as "public standards will approve for the work done, the time consumed, and the skill required." Brickell v. Di Pietro, supra [152 Fla. 429, 12 So.2d 782] at 783. There must be a showing of need made for the services of all attorneys engaged by a party in order for such to fall within the statutory recognition.'"
There is a limit to the amount of attorneys' fees which the public can be expected to accept as being reasonable. The purpose of Section 627.428 is not one of punishment but to encourage the prompt payment of valid claims. Meeks v. State Farm Mutual Automobile Insurance Company, 460 F.2d 776 (5th Cir.1972). While the opinion of expert witnesses who testify on attorneys' fees is persuasive, it is not binding upon the court in its determination of a reasonable fee. Evors v. Bryan, 77 Fla. 399, 81 So. 513 (1919).
As in Welch, supra, the amount of attorney's fees in this case approximated the 40% figure contemplated by the contingent fee contract. The fact that the attorney was working on a contingency basis may properly be weighed in determining the amount of a reasonable fee. However, this is only one of a number of criteria which should be considered. See Manatee County v. Harbor Ventures, Inc., 305 So.2d 299 (Fla. 2d DCA 1974). None of the remaining criteria would support an award of this amount.
The question of how much is a reasonable fee in a given case cannot be precisely answered. Even within established guidelines, reasonable men and reasonable judges can differ in opinion. At best, there is a range of reasonableness within which a trial court's determination should not be disturbed. After a careful review of the file, it is our judgment that the highest reasonable fee which could be properly awarded to appellee's attorney in this case is $15,000. Accordingly, the judgment for attorney's fees is hereby reduced to that amount.
BOARDMAN, C.J., and McNULTY, J., concur.
NOTES
[1] We need not pass on the propriety of the recovery of punitive damages for bad faith in refusing to pay a first party insurance claim since the parties agreed to the settlement of this claim. See Allstate Insurance Company v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976).
[2] As worded, the contract provided for the attorney to receive not only 40% of the recovery on the insurance claim but also 40% of any court awarded fee. Thus, the attorney's claim under the contract, in light of the $25,000 fee determination, would have been for $36,000 (40% of $65,000 plus 40% of $25,000).