413 So.2d 433 (1982)
JOCKEY CLUB, INC., Appellant,
v.
BLEEMER, LEVINE & ASSOCIATES ARCHITECTS & DESIGNERS, INC., Appellee.
BLEEMER, LEVINE & ASSOCIATES ARCHITECTS & DESIGNERS, INC., Appellant,
v.
JOCKEY CLUB, INC., Appellee.
Nos. 81-1281, 81-1354.
District Court of Appeal of Florida, Third District.
May 4, 1982.
*434 Floyd, Pearson, Stewart, Greer & Weil, P.A., and Larry S. Stewart and Ellen C. Freidin, Miami, for Jockey Club, Inc.
Arnold Nevins, Miami Beach, for Bleemer, Levine & Associates Architects and Designers, Inc.
Before SCHWARTZ, BASKIN and JORGENSON, JJ.
SCHWARTZ, Judge.
The Jockey Club, Inc. appeals from a $150,000 jury verdict and judgment in favor of the appellee for architects' services expended on a project which the club abandoned in midstream. We find no merit in either of its claims of error. Contrary to its position, the record contains ample and competent testimony to support the jury conclusion as to the reasonable value of the services in question. See Robinson v. Pinsker, 303 So.2d 706 (Fla.3d DCA 1974); see also, All-Star Ins. Corp. v. Scandia, Inc., 353 So.2d 171 (Fla.3d DCA 1977). The cases cited by the appellant for the proposition that a reasonable architectural fee may not be based solely upon a percentage of the total cost of an uncompleted structure, Scott v. Maier, 56 Mich. 554, 23 N.W. 218 (1885); Rowland v. Hudson County, 7 N.J. 63, 80 A.2d 433 (1951), are inapt because the plaintiff's expert witness based his opinion upon the whole range of relevant factors, properly including but not limited to the percentage of the projected cost. See and compare, Travelers Ins. Co. v. Davis, 411 F.2d 244 (5th Cir.1969); Insurance Co. of North America v. Welch, 266 So.2d 164 (Fla. 4th DCA 1972) with Penn-Florida Hotels Corp. v. Atlantic National Bank of Jacksonville, 126 Fla. 344, 170 So. 877 (1936); F.L. Stitt & Co. v. Powell, 94 Fla. 550, 114 So. 375 (1927). Addressing the club's second contention that the existence of settlement negotiations was somehow improperly implied, we are able to discern no prejudice in a witness's generalized reference to discussions held between the parties after a claim of lien had been filed by the plaintiff. See Compania Dominicana de Aviacion v. Knapp, 251 So.2d 18 (Fla.3d DCA 1971), cert. denied, 256 So.2d 6 (Fla. 1971).
By separate appeal, the architect cross-challenges the trial court's refusal to grant its requested jury charge that it was entitled to prejudgment interest. We agree with this position. The Florida law is clearly that when a disputed express or implied contractual claim, including one for professional services, becomes, as it were, liquidated by a jury verdict as to the amounts recoverable, interest should be awarded from the date payment was due. Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla.2d DCA 1978) (architects' services); Huntley v. Baya, 136 So.2d 248 (Fla.3d DCA 1962), cert. denied, 143 So.2d 492 (Fla. 1962) (attorney's fees; quantum meruit claim); see generally, Parker v. Brinson Construction Co., 78 So.2d 873 (Fla. 1955). Moreover, since the amount of interest is itself a liquidated, mathematically calculable sum, a retrial is not required to correct the error which may be remedied simply by adding the appropriate amount to the judgment.[1]Broward County v. Sattler, 400 So.2d 1031 (Fla. 4th DCA 1981); see also, Electron Tubes International, Inc. v. Shell Containers, Inc., (N.Y.), 410 So.2d 660 (Fla.3d DCA 1982); Cantor v. Drapkin, 251 So.2d 542 (Fla.3d DCA 1971); see generally, Annot.  Power of Court to Add Interest to Verdict Returned by Jury, 72 A.L.R. 1150 (1931).[2] Accordingly, the trial court after *435 remand is directed to add to the judgment an award of interest calculated at six percent per annum from the date of the filing of the plaintiff's claim of lien, September 29, 1978, to the date of the judgment. With that exception, the judgment under review is affirmed.
Affirmed as modified.
NOTES
[1] Compare the situation in which the jury, although instructed on interest, does not include such an award in the verdict. In that instance, the trial court lacks authority itself to add interest to the verdict and judgment. Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502, 505 (Fla.3d DCA 1977), appeal dismissed, cert. denied, 362 So.2d 1051 (Fla. 1978), and cases cited.
[2] The trial court denied a motion to add prejudgment interest to the judgment upon the findings

that this is a law suit based upon quantum meruit and upon the foreclosure of a statutory lien and not upon written or oral contract, and ... that there was no specific prayer for prejudgment interest to which pretrial motions may have been addressed... .
Each prong of the first basis of the order was squarely rejected in Huntley v. Baya, supra, and in Peter Marich & Associates, Inc. v. Powell, supra, at 365 So.2d 765, respectively. We are similarly unable to agree with the second ground. Not only is a specific demand for interest procedurally unnecessary, see Southeastern Mobile Homes, Inc. v. Transit Homes, Inc., 192 So.2d 53 (Fla.2d DCA 1966), but the defendant can hardly have been prejudiced by being unable to make a motion which, under the law, would have to have been denied.