# HATLEY v ALLSTATE INSURANCE COMPANY
## Case No. 89-2039-CC-12H
County Court, Volusia County

November 14, 1989

### APPEARANCES OF COUNSEL

**David Russell,** for plaintiff.

**Robert Ginsberg,** for defendant.

### OPINION OF THE COURT

SHAWN L. BRIESE, County Judge.

THIS CAUSE came to be heard pursuant to a September 21, 1989 hearing on Plaintiff's Motion to Assess Attorney's Fees, Costs, and Expert Witness Fees. This Court, upon consideration of the testimonial and documentary evidence, counsels' argument, submitted memorandum and case authority, and further research, finds as follows:

The evidence showed that defendant stopped lost wage benefits on May 21, 1989. An independent medical evaluation (IME) on May 25, 1989 determined plaintiff could do "light duty jobs." Defendant, based on the IME and on its belief that plaintiff was doing light duty work pursuant to a conversation between its claim representative and plaintiff, formally denied further lost wage benefits. Plaintiff's business failed

due to the fact that the person doing the heavy work quit and plaintiff was unable to do that type of work. Plaintiff thereby suffered lost wages. There was no evidence that plaintiff informed defendant of the employment situation prior to filing its suit on July 3, 1989. Defendant after evidently learning of the basis of the suit in a conversation with plaintiff's attorney paid the remaining lost wage benefits to the policy limits.

The purpose of § 627.428 *Fla. Stat.* is not one of punishment but to encourage the prompt payment of valid claims. *Universal Underwriters, Ins. Co. v Gorgei, etc.,* 345 So.2d 412 (Fla. 2d DCA 1977). This District noted that the purpose of the above cited statute was to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so. *Government Employees Ins. v Battaglia,* 503 So.2d 358 (Fla. 5th DCA 1987).

It should also be noted that, in order to discourage litigation and encourage prompt settlement, the payment of a claim is the functional equivalent of a confession of judgment. *Wollard v Lloyd's & Companies of Lloyds,* 439 SO.2d 217 (Fla. 1983). It is clear that a carrier cannot escape liability for attorney's fees simply by settling the suit before a judgment is entered. *Fortune Ins. Co. v Brito,* 522 So.2d 1028 (Fla. 3d DCA 1988).

The court in *Amador v Latin American Property & Casualty Ins. Co.,* Case No. 89-285 (Fla. 3d DCA, October 10, 1989) [14 FLW 2369] stated, "The trial court has no discretion to deny a reasonable attorney's fee to the prevailing plaintiff where the insurance company first disputes *the claim* and then settles the case after a lawsuit is filed." [Emphasis added]. A factual example of the above is found in *Leaf v State Farm Mutual Automobile Ins. Co.,* Case No. 88-0236 (Fla. 4th DCA, May 24, 2989) [14 FLW 1277] wherein State Farm's failure to respond to Leaf's letter advising it of her selection of an arbitrator pursuant to the policy wrongfully caused Leaf to resort to litigation to resolve a conflict which was reasonably within State Farm's power to resolve.

All of the above cited cases and their rationale presume that the insured has made a (valid) claim. Plaintiff herein initially made a valid claim which was paid. Defendant based on an IME and communication with plaintiff denied further benefits. Plaintiff, suffering a different situation than its original claim, i.e., a failing business due to an employee and/or partner leaving, did not notify defendant of its claim based on different circumstances but instead filed suit causing further

information to be conveyed to defendant resulting in payment of additional benefits. Plaintiff should not be entitled to attorney's fees, based on the above cited purpose of § 627.428, *Fla. Stat.,* when it failed to notify defendant of the different claim. It was not within defendant's power to resolve a conflict (which supposes a disagreement between two parties) of which it had no knowledge.

Based on the above and foregoing, it is hereby:

ORDERED and ADJUDGED that Defendant's Motion to Assess Attorney's Fees, Costs, and Expert Witness Fees is denied.

DONE and ORDERED in Chambers at Daytona Beach, Volusia County, Florida this 14th day of November, 1989.