PER CURIAM.
Insureds, the Schneiders, won their claim against insurer, National Casualty Co., in a hotly contested case involving the mysterious disappearance of a horse owned by the Schneiders and others, and attorney’s fees were awarded in the Schneiders’ favor. In this appeal of the fees order, the Schneiders raise two points. We agree that one of the issues raised requires at least the trial court’s further consideration.
Appellants are correct in their claim that the case must be reversed and returned for consideration of the application of a contingency risk multiplier. The instant appeal is a companion case to Harvard Farms, Inc. v. National Cas. Co., 617 So.2d 400 (Fla. 3d DCA 1993) (Harvard Farms II), wherein this court held that the trial court must at least consider the application of a contingency risk multiplier. Here, as in Harvard Farms II, because Florida law requires at least this consideration, and the trial judge here failed to do so, the fees award is erroneous and must be reversed and remanded.
However, we disagree with appellants’ claim that the fees award as to attorney Helen Lucier was erroneous. The trial judge determined three attorneys were entitled to fees for their representation of the Schneiders. Finding many of the issues non-severable as between the plaintiffs, the judge ordered that attorney Ligman had reasonably spent 150 hours on behalf of the Schneiders and he was entitled to fees based on that figure. For work at trial and pretrial, the trial judge determined attorney Walters was entitled to fees for 118 hours. Early in the litigation, Kentucky attorney Lucier had been admitted pro hac vice as co-counsel for the Schneiders. However, pretrial, the insurer objected to Lucier’s appearance and, by Lucier’s own testimony, at that point she conceded to the use of local counsel for the trial. At the subsequent fees hearing, the insurer argued Lucier stayed with the Schneiders at trial only as the Schneid-ers’ personal representative, and the insurer was thus, not responsible for payment for her services. Notwithstanding Lucier’s early concession, the Schneiders argued that they trusted Lucier and had needed her at trial to represent their interests. The trial judge determined that Lucier was entitled to fees in the amount of $6,140.80 for her pretrial work, but the judge refused to order entitle *800 ment for any hours Lucier remained with the Schneiders at trial.
Fees awards under section 627.428, Florida Statutes (1991), allowing recovery of attorney’s fees by successful claimants under insurance policies, are to be determined not from the point of view of the lawyer and client, but from that of the presiding judge. See Travelers Ins. Co. v. Davis, 411 F.2d 244 (5th Cir.1969). There must be a showing of need made for the services of all attorney’s fees engaged by a party in order for the services to fall within the statutory recognition. Id. Here, in light of Lucier’s concession to the use of local counsel for the trial, we conclude that the trial judge’s order that Lucier be compensated for only her pretrial fees, was eminently correct.
Accordingly, the order under review is reversed and the cause remanded for consideration of a risk multiplier; the balance of the order is affirmed.